UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRITZ HANSEN A/S,<br><br>                    Plaintiff,<br><br>          v.<br><br>RESTORATION HARDWARE, INC.,<br><br>                    Defendant. | Civil Action No. 13-CV-1953 (PGG)<br><br>**ANSWER AND COUNTERCLAIMS** |

Defendant Restoration Hardware, Inc. ("Restoration Hardware"), by its attorneys Morrison & Foerster LLP, answers the complaint of Plaintiff Fritz Hansen A/S ("Fritz Hansen"), dated March 22, 2013, in the above-captioned action (the "Complaint") as follows:

1.      Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies those allegations.

2.      Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis denies those allegations.

3.      Restoration Hardware denies the allegations in Paragraph 3 of the Complaint.

4.      Restoration Hardware denies the allegations in Paragraph 4 of the Complaint, except admits that Fritz Hansen has filed an action against Restoration Hardware asserting causes of action under the Lanham Act, state law and common law and is seeking injunctive and monetary relief.

5.     Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and on that basis denies those allegations.

6.     Restoration Hardware admits the first and third sentences of Paragraph 6 of the Complaint, admits that Restoration Hardware sells home furnishings through catalogs, on its website and in stores, and denies the remaining allegations in Paragraph 6 of the Complaint.

7.     Restoration Hardware avers that the allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required, and avers that 35 U.S.C. § 1121 is not an existing statute and therefore cannot form the basis for subject matter jurisdiction.

8.     Restoration Hardware avers that the allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required.

9.     Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies those allegations.

10.    Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fourth, fifth and sixth sentences of Paragraph 10 of the Complaint, and on that basis denies those allegations, admits that Registration No. 3,610,871 is attached to the Complaint as Exhibit A, and denies the remaining allegations in Paragraph 10 of the Complaint.

11.    Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fourth and fifth sentences of Paragraph 11 of the Complaint, and on that basis denies those allegations, and denies the remaining allegations in Paragraph 11 of the Complaint.

ny-1088525

12. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fourth and fifth sentences of Paragraph 12 of the Complaint, and on that basis denies those allegations, admits that Registration No. 3,279,485 is attached to the Complaint as Exhibit B, and denies the remaining allegations in Paragraph 12 of the Complaint.

13. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, fourth and fifth sentences of Paragraph 13 of the Complaint, and on that basis denies those allegations, admits that Registration No. 3,610,870 is attached to the Complaint as Exhibit C, and denies the remaining allegations in Paragraph 13 of the Complaint.

14. Restoration Hardware denies the allegations in Paragraph 14 of the Complaint.

15. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies those allegations.

16. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis denies those allegations.

17. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies those allegations.

18. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and on that basis denies those allegations.

ny-1088525

19. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies those allegations.

20. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21. Restoration Hardware denies the allegations in Paragraph 21 of the Complaint.

22. Restoration Hardware denies the allegations in Paragraph 22 of the Complaint.

23. Restoration Hardware denies the allegations in Paragraph 23 of the Complaint.

24. Restoration Hardware denies the allegations in Paragraph 24 of the Complaint.

25. Restoration Hardware denies the allegations in Paragraph 25 of the Complaint.

26. Restoration Hardware denies the allegations in Paragraph 26 of the Complaint, except admits that it has used the quoted phrases in promoting certain of its products and that Restoration Hardware sells a product called the "Copenhagen Chair."

27. Restoration Hardware denies the allegations in Paragraph 27 of the Complaint, except admits that Restoration Hardware sells products called the "Copenhagen Chair," the "Devon Chair," the "Forma Chair" and the "Magnus Chair," and that Restoration Hardware's product catalog contains, in part, the statements quoted in Paragraph 27 of the Complaint in connection with the respective products.

28. Restoration Hardware denies the allegations in Paragraph 28 of the Complaint.

29. Restoration Hardware denies the allegations in Paragraph 29 of the Complaint.

30. Restoration Hardware denies the allegations in Paragraph 30 of the Complaint.

31. Restoration Hardware denies the allegations in Paragraph 31 of the Complaint.

ny-1088525

32. Restoration Hardware denies the allegations in Paragraph 32 of the Complaint.

33. Restoration Hardware denies the allegations in Paragraph 33 of the Complaint.

34. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and on that basis denies those allegations, except admits that Restoration Hardware advertises and markets its products, in part, to "consumers or potential consumers of quality designer furniture and design items."

35. Restoration Hardware denies the allegations in Paragraph 35 of the Complaint.

36. Restoration Hardware denies the allegations in Paragraph 36 of the Complaint, except admits that it distributes a product catalog known as a "source book," which can also be viewed on Restoration Hardware's website, that Restoration Hardware distributed approximately 26.1 million catalogs in fiscal 2011 and that Restoration Hardware's website logged over 14.3 unique visits in fiscal 2011.

37. Restoration Hardware denies the allegations in Paragraph 37 of the Complaint.

38. Restoration Hardware denies the allegations in Paragraph 38 of the Complaint.

39. Restoration Hardware denies the allegations in Paragraph 39 of the Complaint.

40. Restoration Hardware denies the allegations in Paragraph 40 of the Complaint.

41. Restoration Hardware denies the allegations in Paragraph 41 of the Complaint, except admits that the parties have exchanged letters in 2011 regarding some of Fritz Hansen's allegations contained in the Complaint, and that Restoration Hardware denied Fritz Hansen's allegations.

42. Restoration Hardware denies the allegations in Paragraph 42 of the Complaint, except admits that Fritz Hansen's July 14, 2011 letter cited U.S. Registration Nos. 3,610,870 and 3,279,485.

ny-1088525

43. Restoration Hardware denies the allegations in Paragraph 43 of the Complaint, except admits that Restoration Hardware did not cease the sales of any chair as a result of Fritz Hansen's July 14, 2011 letter.

44. Restoration Hardware lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis denies those allegations, except admits that it filed a petition with the United States Patent and Trademark Office seeking to cancel Registration No. 3,279,485, that Fritz Hansen has answered that petition, and that Fritz Hansen filed a motion to suspend the cancellation action pending resolution of this lawsuit.

45. Restoration Hardware denies the allegations in Paragraph 45 of the Complaint.

46. Restoration Hardware repeats and realleges its responses to each of the allegations set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. Restoration Hardware denies the allegations in Paragraph 47 of the Complaint except admits that Fritz Hansen is the owner of record for U.S. Registration Nos. 3,279,485, 3,610,870, and 3,610,871.

48. Restoration Hardware denies the allegations in Paragraph 48 of the Complaint.

49. Restoration Hardware denies the allegations in Paragraph 49 of the Complaint.

50. Restoration Hardware denies the allegations in Paragraph 50 of the Complaint.

51. Restoration Hardware repeats and realleges its responses to each of the allegations set forth in paragraphs 1 through 50 above as if fully set forth herein.

52. Restoration Hardware denies the allegations in Paragraph 52 of the Complaint.

53. Restoration Hardware denies the allegations in Paragraph 53 of the Complaint.

54. Restoration Hardware denies the allegations in Paragraph 54 of the Complaint.

ny-1088525

55. Restoration Hardware denies the allegations in Paragraph 55 of the Complaint.

56. Restoration Hardware repeats and realleges its responses to each of the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. Restoration Hardware denies the allegations in Paragraph 57 of the Complaint.

58. Restoration Hardware denies the allegations in Paragraph 58 of the Complaint.

59. Restoration Hardware denies the allegations in Paragraph 59 of the Complaint.

60. Restoration Hardware denies the allegations in Paragraph 60 of the Complaint.

61. Restoration Hardware denies the allegations in Paragraph 61 of the Complaint.

62. Restoration Hardware repeats and realleges its responses to each of the allegations set forth in paragraphs 1 through 61 above as if fully set forth herein.

63. Restoration Hardware denies the allegations in Paragraph 63 of the Complaint.

64. Restoration Hardware denies the allegations in Paragraph 64 of the Complaint.

65. Restoration Hardware denies the allegations in Paragraph 65 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Restoration Hardware alleges as follows, without assuming any burden of pleading or proof that would otherwise rest with Fritz Hansen, and without waiving and hereby expressly reserving the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefore:

## FIRST AFFIRMATIVE DEFENSE

66. The Complaint fails, in whole or in part, to state a claim against Restoration Hardware upon which relief may be granted.

ny-1088525

## SECOND AFFIRMATIVE DEFENSE

67. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

68. The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of waiver and/or equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

69. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

70. Fritz Hansen is not the owner of a trademark registration for its asserted designs on the grounds that the product configurations depicted in U.S. Registration Nos. 3,279,485; 3,610,870 and 3,610,871 lacked secondary meaning at the time those registrations issued.

## SIXTH AFFIRMATIVE DEFENSE

71. The asserted Fritz Hansen Chair Designs are not inherently distinctive and are not protectable as trade dress without a showing of secondary meaning. Fritz Hansen cannot show that there was secondary meaning in the asserted Fritz Hansen Chair Designs prior to when Restoration Hardware offered for sale each of the products that Fritz Hansen claims infringes the Fritz Hansen Chair Designs. Fritz Hansen therefore has no enforceable trade dress rights against Restoration Hardware.

## SEVENTH AFFIRMATIVE DEFENSE

72. The asserted Fritz Hansen Chair Designs are functional, aesthetically functional and/or non-distinctive, and/or purely ornamental and/or aesthetic, and/or lack trademark

significance and/or secondary meaning and are not otherwise protectable under state or federal law.  Any Fritz Hansen registrations purporting to cover the Fritz Hansen Chair Designs are therefore invalid.

**EIGHTH AFFIRMATIVE DEFENSE**

73. To the extent that the Court determines the asserted registered marks to be valid and protectable, Restoration Hardware has not counterfeited those marks because it has not sold any product that is identical with or substantially indistinguishable from them.  Instead, Restoration Hardware clearly promoted each of its accused product designs as being "inspired by" or "a reproduction" of an earlier Danish chair design, not as an actual Fritz Hansen chair.

**NINTH AFFIRMATIVE DEFENSE**

74. To the extent that the Court determines the asserted Fritz Hansen Chair Designs to be valid and protectable, there is no likelihood of confusion, mistake or deception because, among other things, Restoration Hardware's products are substantially distinct from the Fritz Hansen Chair Designs, and the Fritz Hansen Chair Designs are weak as they have coexisted for decades and continue to coexist with identical or similar product configurations used by third parties.

**TENTH AFFIRMATIVE DEFENSE**

75. The relief sought in the Complaint is barred, in whole or in part, because Fritz Hansen has not suffered any damages or harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

76. The injunctive relief sought by Fritz Hansen is barred, in whole or in part, because Fritz Hansen has available an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Restoration Hardware respectfully prays that the Court enter a judgment:

A. Dismissing Fritz Hansen's claims against Restoration Hardware with prejudice and on the merits;

B. Awarding Restoration Hardware its costs of suit herein;

C. Awarding Restoration Hardware such attorneys' fees as may be allowed by applicable law; and

D. Awarding Restoration Hardware such other relief as the Court deems just and equitable under the circumstances.

**COUNTERCLAIMS**

For its Counterclaims against Plaintiff and Counterclaim-Defendant Fritz Hansen, Defendant and Counterclaim-Plaintiff Restoration Hardware states and alleges as follows:

1. Restoration Hardware is a Delaware corporation with a principal place of business located at 15 Koch Road, Suite J, Corte Madera, California.

2. On information and belief, Fritz Hansen is a Denmark corporation with a principal place of business located at Allerodvej 8, DK-3450, Allerod, Denmark.

3. The Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§ 1119 and 1121, and under the doctrines of ancillary and pendent jurisdiction and on the ground that the Counterclaims arise out of the same transactions and occurrences upon which Fritz Hansen's claims are based. Fritz Hansen has, by commencing this action in this Court, consented to personal jurisdiction and venue in this Court.

ny-1088525

## FIRST COUNTERCLAIM

### (Cancellation of U.S. Trademark Registration No. 3,279,485)

4. Restoration Hardware repeats and realleges each of the allegations in paragraphs 1 through 3 above as if fully set forth herein.

5. Restoration Hardware seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 3,279,485 (the "'485 Registration").

6. Fritz Hansen has in its Complaint alleged that it is the owner of all rights in the '485 Registration.

7. In view of Fritz Hansen's allegations in its Complaint, including Fritz Hansen's allegation that Restoration Hardware has infringed the '485 Registration, Restoration Hardware believes that it is or will be damaged by the continued registration of the '485 Registration.

8. The product configuration depicted in the '485 Registration did not have secondary meaning with the relevant public as of the date the registration issued.

9. Moreover, the product configuration depicted in the '485 Registration is aesthetically functional and is therefore not protectable as trade dress.

10. Restoration Hardware seeks a declaration that the '485 Registration is invalid because the product configuration depicted in the '485 Registration did not have secondary meaning as of the registration date.

11. Restoration Hardware seeks a further declaration that the '485 Registration is invalid because the product configuration depicted in the '485 Registration is aesthetically functional.

12. Based on the allegations set forth above, Restoration Hardware is entitled to an order for the cancellation of the '485 Registration pursuant to 15 U.S.C. § 1119, and asks the Court to direct the United States Patent and Trademark Office to cancel the '485 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

<b><u>SECOND COUNTERCLAIM</u></b>

<b>(Cancellation of U.S. Trademark Registration No. 3,610,870)</b>

13. Restoration Hardware repeats and realleges each of the allegations in paragraphs 1 through 12 above as if fully set forth herein.

14. Restoration Hardware seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 3,610,870 (the "'870 Registration").

15. Fritz Hansen has in its Complaint alleged that it is the owner of all rights in the '870 Registration.

16. In view of Fritz Hansen's allegations in its Complaint, including Fritz Hansen's allegation that Restoration Hardware has infringed the '870 Registration, Restoration Hardware believes that it is or will be damaged by the continued registration of the '870 Registration.

17. The product configuration depicted in the '870 Registration did not have secondary meaning with the relevant public as of the date the registration issued.

18. Moreover, the product configuration depicted in the '870 Registration is aesthetically functional and is therefore not protectable as trade dress.

19. Restoration Hardware seeks a declaration that the '870 Registration is invalid because the product configuration depicted in the '870 Registration did not have secondary meaning as of the registration date.

20. Restoration Hardware seeks a further declaration that the '870 Registration is invalid because the product configuration depicted in the '870 Registration is aesthetically functional.

21. Based on the allegations set forth above, Restoration Hardware is entitled to an order for the cancellation of the '870 Registration pursuant to 15 U.S.C. § 1119, and asks the Court to direct the United States Patent and Trademark Office to cancel the '870 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

## THIRD COUNTERCLAIM

**(Cancellation of U.S. Trademark Registration No. 3,610,871)**

22. Restoration Hardware repeats and realleges each of the allegations in paragraphs 1 through 21 above as if fully set forth herein.

23. Restoration Hardware seeks by this Counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 3,610,871 (the "'871 Registration").

24. Fritz Hansen has in its Complaint alleged that it is the owner of all rights in the '871 Registration.

25. In view of Fritz Hansen's allegations in its Complaint, including Fritz Hansen's allegation that Restoration Hardware has infringed the '871 Registration, Restoration Hardware believes that it is or will be damaged by the continued registration of the '871 Registration.

26. The product configuration depicted in the '871 Registration did not have secondary meaning with the relevant public as of the date the registration issued.

27. Moreover, the product configuration depicted in the '871 Registration is aesthetically functional and is therefore not protectable as trade dress.

28. Restoration Hardware seeks a declaration that the '871 Registration is invalid because the product configuration depicted in the '871 Registration did not have secondary meaning as of the registration date.

29. Restoration Hardware seeks a further declaration that the '871 Registration is invalid because the product configuration depicted in the '871 Registration is aesthetically functional.

30. Based on the allegations set forth above, Restoration Hardware is entitled to an order for the cancellation of the '871 Registration pursuant to 15 U.S.C. § 1119, and asks the Court to direct the United States Patent and Trademark Office to cancel the '871 Registration and remove it from the Principal Register of the United States Patent and Trademark Office.

**PRAYER FOR RELIEF**

WHEREFORE, Restoration Hardware respectfully prays that the Court enter a judgment:

A. Ordering the cancellation of United States Trademark Registration Nos. 3,279,485; 3,610,870 and 3,610,871 pursuant to 15 U.S.C. § 1119;

B. Certifying the order of cancellation of United States Trademark Registration Nos. 3,279,485; 3,610,870 and 3,610,871 to the Director of the United States Patent and Trademark Office pursuant to 15 U.S.C. § 1119;

C. Awarding Restoration Hardware its costs of suit herein;

D. Awarding Restoration Hardware such attorneys' fees as may be allowed by applicable law; and

E. Awarding Restoration Hardware such other relief as the Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Restoration Hardware demands a trial by jury of all issues so triable.

Dated: May 10, 2013  
New York, New York

MORRISON & FOERSTER LLP

By:   /s/ Craig B. Whitney  
          Craig B. Whitney

1290 Avenue of the Americas  
New York, New York 10104  
Telephone:  (212) 468-8000  
Facsimile:   (212) 468-7900  
cwhitney@mofo.com

Wesley E. Overson (*pro hac vice* pending)  
Jennifer Lee Taylor (*pro hac vice* pending)  
Julia D. Kripke (*pro hac vice* pending)  
425 Market Street  
San Francisco, California 94105  
Telephone:  (415) 268-7000  
Facsimile:   (415) 268-7522  
woverson@mofo.com  
jtaylor@mofo.com  
jkripke@mofo.com

*Attorneys for Defendant Counterclaim-Plaintiff*  
Restoration Hardware, Inc.